4 F.3d 984
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John BENSON, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-2012.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1993.
Decided: August 31, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CA-91-1685)
 Argued: Sandra L. Strittmatter, Legal Aid Bureau, Inc., Baltimore, Maryland, for Appellant.
 Margaret J. Krecke, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services, Philadelphia, Pennsylvania, for Appellee.
 On Brief: Victoria L. Robinson, Legal Aid Bureau, Inc., Baltimore, Maryland, for Appellant.
 Charlotte Hardnett, Acting Chief Counsel, Region III, Office of the General Counsel, Department of Health & Human Services, Philadelphia, Pennsylvania; Richard D. Bennett, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 REVERSED, VACATED, AND REMANDED IN PART AND AFFIRMED IN PART.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 BUTZNER, Senior Circuit Judge:
 
 
 1
 John Benson appeals a judgment of the district court affirming the denial of supplemental security income under Title XVI of the Social Security Act. 42 U.S.C.A. Secs. 1381-1383c.
 
 
 2
 An administrative law judge for the Department of Health and Human Services denied Benson benefits after concluding that he was not disabled within the meaning of the Act. When Benson's request for review was denied, the decision of the ALJ became the Secretary's final determination. The district court affirmed the decision of the Secretary.
 
 
 3
 Benson appeals three aspects of the Secretary's decision. He first disputes the conclusion that the evidence of his left knee impairment was not "accompanied by sufficient medical evidence ... so as to meet or be equivalent to the requirements of the listing of impairments" in the governing regulations. Second, he contends that the Secretary improperly evaluated his complaints of pain. Third, he contests the Secretary's finding that he is able to engage in a restricted range of light work and a full range of sedentary work.
 
 
 4
 Benson met the special earnings requirements through June 30, 1981. Because the evidence disclosed no disability at that time, the Secretary held that Benson was not entitled to disability benefits. Benson has not assigned error to this ruling.
 
 
 5
 Benson's present claim is only for supplemental security income. The issues pertaining to this claim are whether Benson can engage in a restricted range of light work and a full range of sedentary work. We conclude that Benson cannot engage in sedentary work. Whether he can engage in a restricted range of light work must be determined on remand. In all other respects we affirm the district court's judgment.
 
 
 6
 * Factual findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. Sec. 405(g). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). We review a summary judgment de novo. Higgins v. E.I. DuPont de Nemours, 863 F.2d 1162, 1167 (4th Cir. 1988).
 
 
 7
 Substantial evidence supports the Secretary's findings that Benson's left knee impairment neither met nor was equivalent to the definition of "arthritis of a major weight-bearing joint" listed in Sec. 1.03 of appendix 1 to Subpart P of the regulations. See 20 C.F.R. Sec. 404.1520(d). Substantial evidence also supports the Secretary's finding that Benson's pain was not disabling.
 
 
 8
 Although the administrative law judge found that Benson's impairments singularly and in combination did not meet the listings, which would have entitled him to disability status, the judge did find that his impairments were severe. The judge also found Benson was precluded from engaging in his former work as a truck driver, that he had a limited education, and that he is closely approaching advanced age. (A.34)
 
 
 9
 A vocational expert testified: "In terms of transferable skills driving would be the only transferable skill; however (inaudible)." (A.61) This incomplete expression of opinion was clarified later when the expert testified: "[W]e determined there are no transferable skills." The administrative law judge responded: "Right." (A.62) No evidence conflicts with the expert's testimony that Benson lacked transferable skills. Nevertheless, the administrative law judge erroneously found: "Based upon the testimony of the vocational expert at the hearing the claimant retains transferable driving skills." (A.34) The administrative law judge also found: "Considering the claimant's impairments singularly and in combination, including pain, the claimant retains the residual functional capacity to engage in a restricted range of light work and a full range of sedentary work." (A.34) See 20 C.F.R. Sec. 404.1567(a),(b) (definitions of sedentary and light work).
 
 The administrative law judge ruled:
 
 10
 Considering the testimony of the vocational expert at the hearing as well as Sections 404.1569 and 416.969 and Rules 202.12, Table No. 2 and Rule 201.11, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, the claimant was not under a "disability", as defined in the Social Security Act....
 
 
 11
 Table 2, appendix 2, Subpart P, (the grids) deals with residual functional capacity for light work as a result of severe medically determinable impairments. Rule 202.12 of this table provides that a person closely approaching advanced age with a limited education and with skills that are transferable is not disabled. Since Benson has no transferable skills, it was error of the administrative law judge to apply this rule. Moreover, since the administrative law judge found that Benson had functional capacity to engage in only a restricted range of light work, the case must be remanded for the administrative law judge to determine whether Benson is disabled in view of the fact that he lacks transferable skills. The regulations contain the following instruction when no specific grid can be identified:
 
 
 12
 Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity ... [do] not coincide with the corresponding criteria of a rule [i.e. the grids], the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled. In any instance where a rule does not apply, full consideration must be given to all of the relevant facts of the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations.
 
 
 13
 20 C.F.R. Sec. 404, Subpart P, app. 2, Sec. 200.00(a).
 
 
 14
 Table 1 deals with the residual functional capacity for sedentary work. Rule 201.11, which the administrative law judge applied, provides that a claimant closely approaching advanced age with limited education and skills that are transferable is not disabled. Since Benson has no transferable skills, the appropriate rule is 201.10, which provides that a person with Benson's characteristics lacking transferable skills is disabled. It is therefore apparent that Benson is disabled with respect to sedentary work.
 
 II
 
 15
 The Secretary argues that Benson is precluded from raising the issue of transferable skills in this appeal. He bases his argument on the claim that Benson did not raise the issue in the district court.
 
 
 16
 We cannot accept the Secretary's argument. Although Benson did not explicitly refer to the phrase "transferable skills," he raised the issue by arguing that the administrative law judge did not properly evaluate Benson's claim in accordance with the grids. In his response to the Secretary's motion for summary judgment Benson identified as a pertinent issue the following: "Whether the Administrative Law Judge erred in failing to properly evaluate ... Mr. Benson's impairments under 20 C.F.R. Pt. 404, Subpt. P App. 2, Rule 201.10 and 201.11 ("The Grids")."
 
 
 17
 Both Rule 201.10 and 201.11 describe a claimant with Benson's profile similarly except for transferability of skills. Rule 201.10 posits disability when skills are not transferable. In contrast, Rule 201.11 dictates that the claimant is not disabled if he possesses transferable skills. In concluding his memorandum in opposition to the Secretary's motion for summary judgment, Benson reiterated that had the Secretary properly evaluated his "work background" under the grids, he should have found Benson disabled.
 
 
 18
 The parties have fully briefed the issue of transferability, and its resolution does not require consideration of evidence that was not before the district court. Rather than reading the pleadings before the district court in a hypertechnical manner, we conclude that Benson has sufficiently raised the issue-although not in precise terms-to permit its consideration on appeal.
 
 
 19
 The judgment of the district court affirming the Secretary's decision that Benson can do sedentary work is reversed. The judgment pertaining to a restricted range of light work is vacated. This aspect of Benson's claim is remanded to the district court, with directions to remand it to the Secretary for a determination whether Benson is disabled within the meaning of the Act in view of the fact that he is unable to perform a full range of light work and he has no transferable skills. In all other respects, the judgment of the district court is affirmed.
 
 
 20
 REVERSED, VACATED AND REMANDED IN PART; AFFIRMED IN PART